UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRUCE FLYNN, 10-A-1558,

                           Plaintiff,

    -against-                                        8:12-CV-1012

DEBRA A. JAMES; GEORGE DYER
#2453; MICHAEL MADORE #1764;
JOSHUA FOWLER; STATE TROOPER
MCCARTY,

                           Defendants
_____

THOMAS J. McAVOY,
Senior United States District Judge

## DECISION & ORDER

### I.    INTRODUCTION

Presently before the court are Defendants Dyer, Fowler, Madore, and McCarty's motion to dismiss, [dkt. # 12], and Defendant James's motion to dismiss. [Dkt. # 14]. Plaintiff has opposed these motions. [Dkt. # 30]. The Court has considered each of these in rendering this Decision and Order.

### II.    BACKGROUND

The parties and factual allegations in this action are virtually identical in their substantive content as the allegations in *Flynn v. James, et al*, 8:11-CV-1036 (TJM)(DRH) ("*Flynn 1*"). The only substantive difference is that Plaintiff alleges in the present action, in wholly conclusory fashion, that "Defendant Debra A. James acted in concert with

1

defendants Dyer and Madore to file a false report, stating that the incident [in which Plaintiff held a rifle to James and made her kneel on the floor and beg for her life] was over 40 minutes long and in creating a tape[1] of that duration." Compl. ¶ 37.[2] All claims in *Flynn I* were dismissed by Decision and Order dated January 24, 2012, [dkt. # 20 in *Flynn I*], familiarity of which is presumed. Plaintiff thereafter filed a Notice of Appeal in *Fynn I*. [Dkt. # 24 in *Flynn I*].

## III. DISCUSSION

Claim preclusion, also known as *res judicata,* requires that a final judgment on the merits of an action be given preclusive effect. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). Such a judgment will bar a party, as well as those in privity with the party, from relitigating in a subsequent action a claim which was or could have been raised in the prior suit. *Marvel* at 286–87; *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980); *Monahan v. New York City Dept. of Corr.,* 214 F.3d 275, 285 (2d Cir. 2000); *Fay v. South Colonie Cent. Sch. Dist.,* 802 F.2d 21, 28 (2d Cir. 1986), *overruled on other grounds, Taylor v. Vermont Dept. of Educ.,* 313 F.3d 768 (2d Cir. 2002). A court's analysis of a an argument of claim preclusion is under a transactional approach, by which later claims are barred if they "aris[e] out of the same factual grouping as an earlier litigated claim even if the[y are] ... based on different legal theories or seek[ ] dissimilar or additional relief." *Monahan* at 285.

---

[1]Apparently James created a micro-cassette tape recording the event.

[2]In *Flynn I*, Magistrate Judge Homer had recommended that the claims against Ms. James be dismissed because the Complaint lacked any allegation that James acted under color of state law or conspired with the named defendants to violate Flynn's constitutional rights. See Rep. Rec. [dkt. # 5 in *Flynn I*].

2

Examined in tandem, the Complaints in *Flynn 1* and the present action are virtually indistinguishable. Each action arose from the same factual grouping. Further, each is based on the same legal theories or upon legal theories that could have been raised in the first action. Even assuming, *arguendo*, that Plaintiff makes a plausible allegation that Ms. James acted in concert with the State Police Defendants (which he does not), there is no basis for liability against her because the Court found no *Flynn I* that Plaintiff failed to allege a constitutional deprivation by the State Police officers.

Under the doctrine of *res judicata*, *Flynn I* bars the present action. Plaintiff's remedy for challenging the decision in *Flynn I* is through his appeal, not a subsequent law suit in which he attempts the proverbial second bite at the apple.

## V.   CONCLUSION

For the reasons discussed above, Defendants Dyer, Fowler, Madore, and McCarty's motion to dismiss, [dkt. # 12], and Defendant James's motion to dismiss, [dkt. # 14], are GRANTED and the action is DISMISSED in its entirety.

**IT IS SO ORDERED**

**Dated:** February 22, 2013

_____
Thomas J. McAvoy
Senior, U.S. District Judge

3